## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| MARS, INCORPORATED<br>6885 Elm Street<br>McLean, Virginia 22101 | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. _____ |
| COCOVAA, LLC<br>1 Sherman Terrace, 102b<br>Madison, Wisconsin 53704, | ) ) ) ) | |
| and | ) ) | |
| SYOVATA K. EDARI<br>1 Sherman Terrace, 102b<br>Madison, Wisconsin 53704 | ) ) ) ) | |
| Defendants. | ) ) ) | |

## COMPLAINT

Plaintiff Mars, Incorporated ("Plaintiff" or "Mars") brings this action against Defendants CocoVaa, LLC and Syovata K. Edari (collectively referred to herein as "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.    This is an action for trademark infringement, false designation of origin, unfair competition, cancellation of a federal trademark registration, and related claims under the United States Trademark (Lanham) Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (as amended), and Virginia common law.   The Complaint arises from Defendants' unauthorized adoption, use, and registration of the designation "COCOVAA," which is virtually identical to Plaintiff's

COCOAVIA trademark.  Defendants' use and registration of the COCOVAA name and mark for goods highly related to goods offered by Plaintiff under the COCOAVIA trademark will inevitably confuse, mislead and deceive the general public into believing that Plaintiff manufactures, sells, sponsors, approves or licenses Defendants' cocoa-based chocolate products.

## THE PARTIES

2.      Plaintiff Mars, Incorporated is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 6885 Elm Street, McLean, Virginia 22101.

3.      Upon information and belief, Defendant CocoVaa LLC is a limited liability company organized and existing under the laws of the State of Wisconsin with a principal place of business at 1 Sherman Terrace, 102b, Madison, Wisconsin 53704.

4.      Upon information and belief, Defendant Syovata K. Edari is an individual and citizen of the State of Wisconsin, who owns Defendant CocoVaa LLC and is a registered agent thereof, with a residence at 1 Sherman Terrace, 102b, Madison, Wisconsin 53704.

## JURISDICTION AND VENUE

5.       This Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, as well as 28 U.S.C. §§ 1331, 1332, and 1338, and the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.  The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are of diverse citizenship.

6.      Personal jurisdiction over Defendants is proper because Defendants solicit, transact, and do business within the Commonwealth of Virginia and within this District, and the claims in this action arise out of such business in this District.

7.      Defendants have caused and are causing injury within this District by advertising, distributing, and selling products bearing the infringing COCOVAA trademark in this District.

8.      Venue is proper in this District under 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## PLAINTIFF'S TRADEMARK RIGHTS IN ITS COCOAVIA® TRADEMARK

9.      Plaintiff Mars, Incorporated is a global manufacturer of numerous brands of petcare, chocolate, food and drink products, which operates in six (6) business segments: Petcare, Chocolate, Wrigley, Food, Drinks, and Symbioscience.

10.     Through its Symbioscience business segment, Mars has been pursuing extensive research in the area of cocoa flavanols, the beneficial phytonutrients found naturally in cocoa, for more than 20 years.

11.     As a result of its extensive research into the area of cocoa flavanols, Mars has developed, marketed, and sold the industry's leading line of cocoa extract supplements, delivering the highest concentration of cocoa flavanols available, under the CocoaVia® trademark.

12.     The real health benefits of chocolate come from cocoa flavanols and Mars' CocoaVia® daily supplement delivers the highest concentration of cocoa flavanols in a cocoa extract supplement.  Numerous scientific studies have demonstrated that these flavanols promote healthy blood flow from head to toe.

13.     Mars introduced the CocoaVia® brand in 2003, which at the time was the first functional food product launched by the company.  CocoaVia® featured a line of dark chocolate bars and chews that contained cocoa flavanols and plant sterols.

14.     Since the initial launch in 2003, the CocoaVia® brand grew its portfolio of products to include milk chocolate, granola bars, chocolate covered almonds, and ready-to-drink beverages.  Sample images of the CocoaVia® chocolate and chocolate-based products are shown below:







15. Through substantial financial investment and effort, Mars built considerable goodwill and a reputation for the highest quality chocolate products containing cocoa flavanols. Building such goodwill and reputation of the CocoaVia® name and mark, Mars launched the CocoaVia® cocoa extract supplements and related products in 2010.

16. Mars' CocoaVia® supplements are sold as capsules or in a powdered stick-pack form, which is available in several flavors, including the "unsweetened dark chocolate" and "sweetened dark chocolate" flavors. Sample images of Mars' CocoaVia® products are shown below:




17.     Mars owns and operates its CocoaVia® brand web site at www.cocoavia.com, where CocoaVia® cocoa extract supplement products are sold.  In addition to the CocoaVia® products, Mars has been selling for many years, and currently offers for sale, its dark chocolate-based snack squares called goodnessknows® on the same CocoaVia® web site, as shown below.  The goodnessknows® chocolate-based snacks, which consist of dark chocolate made from specially processed cocoa beans to preserve naturally occurring cocoa flavanols, are closely associated with the CocoaVia® brand for the health benefits provided by cocoa flavanols.



18.   Mars has protected its valuable rights in and to the CocoaVia® trademark by filing for and obtaining U.S. Trademark Registration No. 4,179,465 for the mark COCOAVIA, covering "dietary and nutritional supplements, powdered nutritional supplement drink mix, powdered dietary supplement drink mix, and nutritionally fortified beverage mix, all made in

significant part of cocoa" in Class 5 (the "COCOAVIA® Goods"), which was registered on July 24, 2012 (the "COCOAVIA® Mark").

19.     Mars' registration provides *prima facie* evidence of the validity of the COCOAVIA® Mark and of Mars' exclusive right to use its COCOAVIA® Mark in commerce pursuant to 15 U.S.C. § 1115(b), and the registration provides nationwide constructive notice of Mars' exclusive rights pursuant to 15 U.S.C. § 1072.  A copy of the registration certificate is attached as Exhibit A.

20.     The COCOAVIA® Mark is immediately recognizable to the ordinary consumer and distinguishes the COCOAVIA® cocoa extract supplements from other cocoa-based supplements.

21.     The COCOAVIA® Mark is a strong mark and is entitled to the highest degree of protection under the law.

22.     The COCOAVIA® Mark was first used in U.S. commerce on or about October 2010 in connection with the COCOAVIA Goods, and since the date of first use, Mars has continuously used the COCOAVIA® Mark in connection with the COCOAVIA Goods.

23.     Mars prominently and consistently displays its distinctive COCOAVIA® Mark on the packaging for the COCOAVIA® Goods, as shown in Paragraph 16 above.

24.     Cocoa extract supplement products bearing the COCOAVIA® Mark have been sold throughout the United States in various locations and trade channels, including health food specialty retailers, natural and grocery retailers, drug store retailers, Internet websites and online stores.

25.     Mars has advertised and promoted, and continues to advertise and promote, its COCOAVIA® Goods bearing the COCOAVIA® Mark in a variety of media throughout the

United States, including but not limited to national print advertisements, e-mails, e-newsletters, digital, search, social, and through paid spokespersons and key opinion leaders.

26.     Mars has also advertised and promoted, and continues to advertise, market and promote the COCOAVIA® Goods bearing the COCOAVIA® Mark via its web site at <www.cocoavia.com>, which averaged approximately 120,000 page views a month in 2016, of which approximately more than 56,000 were unique visitors per month in 2016.

27.     Since the introduction of the COCOAVIA® cocoa extract supplements in 2010, Plaintiff has expended substantially large sums of money to advertise and promote the COCOAVIA® Goods in a variety of media throughout the United States by continuously using and displaying the COCOAVIA® Mark to distinguish the COCOAVIA® Goods from those offered by others.

28.     Mars spends millions of dollars annually in developing and promoting its line of COCOAVIA® cocoa extract supplements.  COCOAVIA® supplements have been widely advertised and sold online, through general retail stores and specialty health foods stores, throughout the United States with millions of dollars in sales per year.

29.     The COCOAVIA® Mark and the COCOAVIA® Goods have received global press and media coverage.  News stories, features and posts have appeared in print, online, and in broadcast television, including but not limited to the TODAY Show, CBS New York, The Huffington Post, Men's Health, Boston Globe, Houston Chronicle, The Seattle Times, Chicago Business Journal, NBC Right Now, Drug Store News, Market Watch, Washington Business Journal, The Street, Yahoo! Finance, Reuters, iHeart Radio, and WTOP radio in the United States. Internationally, the CocoaVia® brand has received coverage in media outlets in Europe

such as the Daily Express, Food Business Review, Just-Food.com, NutraIngredients.com, Confectionery News, FoodBev, Royal Candy Company, and Lebensmittel Zeitung.

30.     As a result of such advertising and promotion, as well as the uniquely high concentration of cocoa flavanols in Mars' cocoa supplements, Mars' cocoa extract supplements bearing the COCOAVIA® Mark are the market leaders in their category and enjoy a favorable reputation among consumers throughout the United States.  In particular, the Unsweetened Dark Chocolate flavor is the best-selling of the COCOAVIA® powder stick supplements. As a result of its widespread recognition and reputation for excellence, consumers have come to associate the COCOAVIA® Mark exclusively with Mars.  Together with its reputation for excellence, Mars enjoys valuable goodwill in the COCOAVIA® Mark.

## DEFENDANTS' WRONGFUL AND INFRINGING CONDUCT

31.     Without authorization from Plaintiff, and despite Plaintiff's prior use of and rights in the COCOAVIA® Mark, Defendants are manufacturing, and recently began offering nationwide for sale, selling, advertising, promoting, and distributing, within this judicial district and in interstate commerce, cocoa-based chocolate products under the name and mark COCOVAA, thereby infringing Plaintiff's COCOAVIA® Mark and creating a likelihood of confusion, mistake, and deception among consumers as to source, sponsorship, or affiliation.

32.     On information and belief, Defendant Syovata K. Edari ("Defendant Edari") formed a limited liability company called "CocoVaa LLC" in July 2016 and launched a line of chocolate products under the "CocoVaa" name and trademark (the "Infringing COCOVAA Mark"), which is virtually identical to the COCOAVIA® Mark.

33.     Upon information and belief, in or about April 2015, Defendant Edari launched and began selling a line of cocoa-based chocolate products under the name "Gilded Artisan Chocolates."

34.     Upon information and belief, in or about June 2016, for some reason, Defendant Edari ceased using the "Gilded Artisan Chocolates" name and adopted the "CocoVaa" name and mark, thereby commencing sale of cocoa-based chocolate products under the Infringing COCOVAA Mark.

35.     On August 5, 2016, Defendants filed an application to register with the United States Patent and Trademark Office ("USPTO") the mark COCOVAA, Serial No. 87/129,092 for "Candy; Caramels; Chocolate candies; Chocolate fondue; Chocolate mousse; Toffee; Brittle; Chocolate confections, namely, bonbons, bars, barks, chocolate covered nuts, chocolate covered coffee beans, drinking chocolate; Confectioneries, namely, snack foods, namely, chocolate; Filled chocolate," ("Defendants' Goods") with an alleged first use in commerce date of June 1, 2016, which is prior to the date on which Defendant CocoVaa, LLC was legally formed.  Said application matured to registration on March 14, 2017 and has been assigned U.S. Trademark Registration No. 5,160,782.

36.     All products sold by Defendants are marketed, promoted and sold under the Infringing COCOVAA Mark.

37.     The Infringing COCOVAA Mark is confusingly similar to Plaintiff's COCOAVIA® Mark in appearance, sound, meaning, and commercial impression. Defendants prominently display the Infringing COCOVAA Mark on their website and on their packaging as shown below:





38.    Plaintiff first became aware of the Infringing COCOVAA Mark in late August, 2016 while reviewing trademark watch notices for Plaintiff's COCOAVIA® Mark.

39.    After careful consideration, on September 9, 2016, Mars sent a letter to Defendants notifying them of Mars' ownership of the COCOAVIA® Mark, coupled with Mars' extensive advertising and marketing.   Plaintiff requested that Defendants immediately and

voluntarily cease and desist from all current use and intended future use and sale of products bearing the Infringing COCOVAA Mark and voluntarily withdraw their trademark application for the Infringing COCOVAA Mark.  A copy of this letter is attached hereto as <u>Exhibit B</u> and incorporated herein by reference.

40.     Mars received a response from Defendants' counsel via email on September 13, 2016, declining Plaintiff's requests. A copy of this email is attached hereto as <u>Exhibit C</u> and incorporated herein by reference.

41.     Upon information and belief, at the time Plaintiff and Defendants exchanged the above referenced correspondence, Defendants were selling their COCOVAA Goods exclusively in the State of Wisconsin.

42.     Despite having received notification from Plaintiff that their use of the Infringing COCOVAA Mark constitutes an infringement of Plaintiff's valuable rights in the COCOAVIA® Mark, Defendants have nevertheless expanded, and continue to expand, sales of their products bearing the Infringing COCOVAA Mark throughout the United States.

43.     Upon information and belief, at least as early as January 2017, Defendants' COCOVAA website located at www.cocovaa.com, was updated to indicate that online ordering of products bearing the Infringing COCOVAA Mark would be available starting Valentine's Day 2017.

44.     Upon information and belief, as of the date of this filing, while Defendants did not launch their online ordering site by Valentine's Day 2017, Defendants are now accepting phone orders for shipment of COCOVAA Goods nationwide.

45.     Defendants are using the Infringing COCOVAA Mark in connection with cocoa-based chocolate products for human consumption, and thus the goods offered under the

Infringing COCOVAA mark are highly similar and/or related to Plaintiff's products bearing the COCOAVIA® Mark.

46. Defendants' production, marketing, distribution and sale of Defendants' Goods bearing the Infringing COCOVAA Mark is likely to confuse and deceive consumers, and harm Plaintiff's substantial reputation and goodwill as symbolized by the COCOAVIA® Mark.

47. Defendants' infringement of Mars' COCOAVIA® Mark is willful, deliberate and intentional.

48. Defendants are not affiliated with or sponsored by Plaintiff, and have not been authorized by Plaintiff to use its distinctive COCOAVIA® Mark or any mark confusingly similar thereto, including the Infringing COCOVAA Mark, to identify their products.

49. Defendants' adoption and use of the Infringing COCOVAA Mark for its line of Defendants' Goods is likely to cause confusion, mistake or deception among purchasers and the consuming public as to the source, origin or sponsorship of Defendants' Goods. A substantial number of actual and potential purchasers and consumers, upon encountering Defendants' Goods or advertising bearing Defendants' Infringing COCOVAA Mark, are likely to mistakenly believe that Defendants' Goods originate with, or are licensed, approved, sponsored by, or otherwise affiliated with or related to, Plaintiff's COCOAVIA® Goods.

50. Upon information and belief, Defendant Edari directed, authorized and approved the actions of Defendants as alleged herein.

51. Upon information and belief, Defendants plan to continue use of the Infringing COCOVAA Mark in connection with the COCOVAA Goods, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

## FIRST CAUSE OF ACTION

### (Trademark Infringement in Violation of 15 U.S.C. § 1114(1) / Lanham Act § 32(1))

52.    Plaintiff repeats and realleges each and every allegation of fact above as if set forth herein.

53.    U.S. Trademark Registration No. 4,179,465 for the COCOAVIA® Mark is a valid and subsisting federally registered trademark.    By virtue of this registration, the COCOAVIA® Mark is entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

54.    Defendants' use of the Infringing COCOVAA Mark is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' cocoa-based chocolate products in that the public is likely to believe that those products are provided by, sponsored by, licensed by, affiliated, or associated with, or in some other way legitimately connected to Plaintiff or its products offered under the COCOAVIA® Mark, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

55.    Defendants have continued their unlawful use of their Infringing COCOVAA Mark despite receiving cease-and-desist demands from Mars and are willfully infringing Mars' COCOVIA® Mark.

56.    Plaintiff has been damaged by the aforementioned acts in an amount to be determined at trial.

57.    Defendants' conduct, if it continues, will result in irreparable harm to Plaintiff and, specifically, to the goodwill and reputation associated with the COCOAVIA® Mark, unless such conduct is enjoined.

## SECOND CAUSE OF ACTION

### (False Designation of Origin, Passing Off and Unfair Competition
### Under 15 U.S.C. § 1125(a) / Lanham Act §43(a))

58.     Plaintiff repeats and realleges each and every allegation of fact above as if set forth herein.

59.     Without authorization from Plaintiff, Defendants have adopted and continue to use the Infringing COCOVAA Mark in connection with the advertising and sale of goods in commerce in such a manner to falsely designate the origin of Defendants' products and confuse the public by suggesting that those products are sponsored by or affiliated with Plaintiff, in violation of 15 U.S.C. § 1125(a).

60.     Defendants' acts have a substantial economic effect on interstate commerce because goods bearing the Infringing COCOVAA Mark are advertised and sold in interstate commerce, and because Plaintiff's goods bearing the COCOAVIA® Mark are also advertised and sold in interstate commerce.

61.     Defendants' aforesaid acts are in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a) and Defendants' use of a trademark identical or confusingly similar to Plaintiff's COCOAVIA® Marks for highly similar goods constitutes a false designation of origin and unfair competition.

62.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be proved at trial.

63.     Plaintiff has no adequate remedy at law. If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

### THIRD CAUSE OF ACTION

### (Common Law Trademark Infringement and Unfair Competition)

64.     Plaintiff repeats and realleges each and every allegation of fact above as if set forth herein.

65.     As a result of Plaintiff's substantial advertising and promotional efforts for the COCOAVIA® Mark, as well as its dedication to providing quality products under the COCOAVIA® brand, Plaintiff has built up valuable goodwill in the COCOAVIA® Mark.  As such, the COCOAVIA® Mark has become associated with Plaintiff's products, and has come to symbolize the reputation for quality and excellence of Plaintiff's COCOAVIA® products.

66.     Without Plaintiff's consent, Defendants have used and are using the Infringing COCOVAA Mark, which is confusingly similar to the COCOAVIA® Mark, in connection with the advertising and sale of goods in commerce in such a manner as to create a likelihood of confusion among prospective purchasers, and to compete unfairly with  Plaintiff.

67.     Defendants' use of the Infringing COCOVAA Mark induces prospective purchasers and others to believe, contrary to the fact, that the goods sold by Defendants are rendered, sponsored, or otherwise approved by, or connected with, Plaintiff.

68.     Defendants have continued their unlawful conduct despite receiving cease-and-desist demands from Mars.

69.     Defendants' use of the Infringing COCOVAA Mark is confusingly similar to Plaintiff's COCOAVIA® Mark and is likely to deceive the public into believing, falsely, that Defendants' cocoa-based chocolate products are associated therewith, originate from or are offered, sponsored or approved by Plaintiff, or that there is otherwise a connection between the companies' products and businesses.  Defendants have unfairly competed with Plaintiff in violation of Virginia common law and laws of States in which Defendants have sold their products.

70.     Defendants' unauthorized use of the Infringing COCOVAA Mark constitutes trademark infringement of the COCOAVIA® Mark under the common law.

71.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damage to its goodwill and reputation as symbolized by its valuable COCOAVIA® Mark, and other damages in an amount to be proved at trial.

72.     Plaintiff does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of products bearing the Infringing COCOVAA Mark.  Unless enjoined by this Court, Defendants will continue these acts of trademark infringement and unfair competition, thereby deceiving the public and causing Plaintiff immediate and irreparable damage entitling Plaintiff to remedies available under the common law.

## FOURTH CAUSE OF ACTION

**(Cancellation of U.S. Trademark Registration No. 5,160,782 under 15 U.S.C. § 1119)**

73.     Plaintiff repeats and realleges each and every allegation of fact above as if set forth herein.

74.     Plaintiff's use of the COCOAVIA® Mark predates Defendants' U.S. Trademark Application (and resulting Registration No. 5,160,782) for and use of the Infringing COCOVAA Mark.

75.     By virtue of such earlier use, Plaintiff's rights in the COCOAVIA® Mark have priority over the mark in Registration No. 5,160,782.

76.     Defendants' registration and use of the Infringing COCOVAA Mark is likely to cause confusion, mistake, or to deceive as to an affiliation, connection, or association between Defendants and/or Defendants' Goods, on the one hand, and Mars and the COCOAVIA® Goods, on the other hand, or as to the origin, sponsorship, or approval of Defendants' Goods by Mars.

77.     Mars is being and will continue to be damaged by the registration of the Infringing COCOVAA Mark unless this Court acts to cancel Registration No. 5,160,782 pursuant to Section 37 of the Lanham Act, as amended (15 U.S.C. § 1119).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.     Pursuant to 15 U.S.C. §1116 and the common law, that Defendants and each of their agents, servants, employees, attorneys, officers, and all others in privity and acting in concert with them be preliminarily and permanently enjoined and restrained from:

     a.     using, registering, or applying to register the Infringing COCOVAA Mark or any other trademark or trade name confusingly similar to Plaintiff's COCOAVIA® Mark, in connection with the sale, advertising, promotion, or distribution of any cocoa-based food or drink products, or related goods;

     b.     using or authorizing to use in any manner any design, trademark, trade name, or combination thereof which imitates, resembles, or suggests the COCOAVIA® Mark;

     c.     otherwise infringing the COCOAVIA® Mark;

     d.     unfairly competing with Plaintiff, diluting the distinctiveness of Plaintiff's COCOAVIA® Mark, and otherwise injuring Plaintiff's business reputation in any manner;

     e.     publishing any telephone, directory or Internet listing using the Infringing COCOVAA Mark and any other mark containing the term COCOVAA, and any other mark confusingly similar to the COCOAVIA® Mark, in the

advertising, offering for sale and/or sale of any cocoa-based food or drink products or related goods that may reasonably be encompassed by the COCOAVIA® Mark, or which may constitute a natural zone of expansion for Plaintiff;

f.      engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein;

g.      engaging in any other actions that constitute unfair competition with Plaintiff; and

h.      destroying, altering, and/or removing any books or records that contain any information relating to the use of the Infringing COCOVAA Mark.

2.      An order, pursuant to 15 U.S.C. § 1119, to rectify the Principal Register of the USPTO canceling Registration No. 5,160,782 for the Infringing COCOVAA Mark and such order certified to the Director of the USPTO, who shall make the appropriate entry upon the records of the USPTO;

3.      An order imposing a constructive trust on all proceeds and/or fruits of the sales of any goods that bear a mark that infringes Plaintiff's COCOAVIA® Mark;

4.      Pursuant to 15 U.S.C. § 1118, that Defendants be directed to deliver up for destruction all packages, labels, advertisements, promotions, point of sale materials, signs, prints, and all other materials in their possession or under their control bearing the Infringing COCOVAA Mark;

5.      Pursuant to 15 U.S.C. §§ 1117 and 1125, and the common law, that Defendants account and pay Plaintiff damages in an amount sufficient to fairly compensate it for the injury it

has sustained, plus all the profits that are attributable to Defendants' use of the Infringing COCOVAA Mark, and such other sums as the Court finds to be just;

6.      All such other and further relief, in law or in equity, to which Plaintiff may be entitled, or which the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Dated:   March 24, 2017                    Respectfully submitted,

                                                    /s/ David G. Barger
David G. Barger (VSB # 21652)
GREENBERG TRAURIG, LLP
1750 Tysons Blvd., Suite 1000
McLean, VA 22102
Telephone: (703) 749-1307
Facsimile: (703) 714-8307
bargerd@gtlaw.com

Steven J. Wadyka, Jr.
(*Pro hac vice application forthcoming*)
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C.  20037
Telephone:  (202) 331-3105
Facsimile:  (202) 331-3101
wadykas@gtlaw.com

Masahiro Noda
(*Pro hac vice application forthcoming*)
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 38th Floor
New York, New York 10166
Telephone:  (212) 801-9200
Facsimile:  (212) 801-6400
nodam@gtlaw.com